1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

MARTIN B.,

Plaintiff,

9

v.

10

COMMISSIONER OF SOCIAL SECURITY,

11

Defendant.

12

CASE NO. C20-156-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

13      Plaintiff seeks review of the denial of his application for Disability Insurance Benefits.

14  He contends the ALJ misevaluated his testimony, his sister's testimony, and two medical

15  opinions.  Dkt. 11 at 1.  As discussed below, the Court **AFFIRMS** the Commissioner's final

16  decision and **DISMISSES** the case with prejudice.

17                              **BACKGROUND**

18      Plaintiff is currently 56 years old, has a college degree, and has worked as a biomedical

19  equipment technician and medical equipment sales representative.  Tr. 25, 239.  In December

20  2015, he applied for benefits, alleging disability as of May 17, 2014.  Tr. 175-76.  His

21  application was denied initially and on reconsideration.  Tr. 114-15, 120-22.  The ALJ conducted

22  a hearing on May 8, 2018, finding Plaintiff not disabled.  Tr. 33-81.  As the Appeals Council

23  denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

1 | Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff had not engaged in substantial gainful activity between his alleged onset date and date last insured ("DLI").

**Step two:**  Through the DLI, Plaintiff had the following severe impairments: degenerative disc disease, spine disorders, osteoarthritis and allied disorders, and dysfunction of major joints.

**Step three:**  Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):**  Through the DLI, Plaintiff could perform light work with additional limitations: he could occasionally climb ramps and stairs, balance, stoop, kneel, and crouch.  He could never climb ladders, ropes, or scaffolds, and could never crawl.  He could occasionally reach overhead with his right arm, and could occasionally handle and finger small items or operate small valves and switches with both arms.  He must have avoided concentrated vibration and even moderate exposure to hazards.  He would not have been able to perform at a production rate pace (where the pace is mechanically controlled, such as assembly line work).  He could do goal-oriented work where the worker has pace control.  He may be off task for up to 10% of the workday.

**Step four:**  Through the DLI, Plaintiff could not perform his past work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff could have performed through the DLI, he is not disabled.

Tr. 15-27.

## DISCUSSION

**A.    Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds it was inconsistent with (1) the objective medical evidence, (2) Plaintiff's treatment history, and (3) Plaintiff's activities of daily

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

living.  Tr. 21-22.  Plaintiff contends the ALJ's rationale are not clear and convincing, as required in the Ninth Circuit.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues the objective evidence ALJ refrenced does not support the ALJ's conclusion.  Dkt. 11 at 6-7.  Specifically, Plaintiff contends the ALJ erred in pointing to imaging showing mild abnormalities as evidence Plaintiff's complaints were out of proportion, because his doctors did not opine his complaints were out of proportion.  Dkt. 11 at 6.  However, plaintiff's doctors did not opine upon the consistency between the severity of Plaintiff's disability allegations and the objective findings.  The Court thus cannot say the ALJ unreasonably found the evidence of mild abnormalities is inconsistent with the degree of limitation Plaintiff claimed, or in relying on this reason among others to discount Plaintiff's testimony.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff also argues the ALJ erred in pointing to evidence his gait was normal on some occasions, contending this evidence does not prove he can perform light work.  Dkt. 11 at 6-7.  But the ALJ did not cite this evidence to establish Plaintiff can perform light work; instead the ALJ cited it as inconsistent with Plaintiff's claim it is difficult for him to stand and walk.  Tr. 21-22.  This inconsistency is valid reason to discount Plaintiff's testimony.

Plaintiff also contends the ALJ erred in finding his minimal engagement with physical therapy for his hand numbness undermines his claims, arguing, contending "there is no basis for the ALJ's assumption that additional therapy would have been recommended if Mr. Benson's condition had been more serious[.]"  Dkt. 11 at 7.  The record supports the ALJ's conclusion,

1   however: Plaintiff attended one session of occupational therapy in order to learn how to use

2   adaptive equipment and alternate strategies to compensate for his sensory loss.  Tr. 746.  That

3   Plaintiff's therapy treatment needs were met with only one session is consistent with the ALJ's

4   finding Plaintiff's hand limitations required minimal therapy.  Plaintiff's reliance on the

5   extensive treatment he received before the alleged onset date (Dkt. 11 at 7) does not undermine

6   the ALJ's finding Plaintiff treated his hand numbness with minimal therapy during the relevant

7   disability period.

8         Lastly, Plaintiff argues the ALJ erroneously discounted his allegations based on his

9   activities. He contends the record does not specify how or how often Plaintiff performed his

10  activities, and thus it is unclear the activities contradict his allegations and can be relied upon to

11  discount his claimed limitations.  Dkt. 11 at 8.  To be sure some activities the ALJ mentioned do

12  not necessarily contradict Plaintiff's allegations, such as stretching, transporting his son to/from

13  school, helping his son with homework, or watching television.  Tr. 22.  But the ALJ also cited

14  Plaintiff's ability to attend school to become an appraiser during the adjudicated period, and his

15  plans to apply for work as an appraiser, and these activities are reasonably inconsistent with

16  Plaintiff's alleged manipulative limitations.  Tr. 22 (citing Tr. 815-20).

17        Although Plaintiff contends the record does not establish when he completed school (Dkt.

18  11 at 11), a note on October 31, 2017, indicated he was back in school studying to be an

19  appraiser, and by February 2018, Plaintiff reported he had finished school and hoped he was now

20  "hireable" as an appraiser.  Tr. 815, 820.  Thus, this activity occurred during the adjudicated

21  period, and the ALJ reasonably found Plaintiff's school activity and goal of obtaining work as an

22  appraiser was inconsistent with the degree of hand limitation Plaintiff alleged.  To the extent any

23  of the other activities the ALJ cited do not reasonably undermine plainitiff's testoimony, that

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 4

1   error is harmless in light of this inconsistency.  *See Carmickle v. Comm'r of Social Sec. Admin.*,

2   533 F.3d 1155, 1162-63 (9th Cir. 2008).

3       In sum, as the ALJ provided clear and convincing reasons to discount Plaintiff's

4   testimony supported by substantial evidence, the Court affirms this part of the ALJ's decision.

5   **B.    Juliann Lovell**

6       Ms. Lovell, Plaintiff's sister, completed a third-party function report describing

7   Plaintiff's symptoms and limitations.  Tr. 251-58.  The ALJ stated he gave partial weight to Ms.

8   Lovell's report, but did not provide any reason to discount it.  Tr. 24.  The ALJ's RFC

9   assessment is not entirely consistent with Ms. Lovell's report because she described him as

10  having great difficulty grasping/lifting anything and unable to walk more than a short block

11  before needing to rest, but the ALJ found Plaintiff capable of performing light work.  Tr. 256.

12      An ALJ's reasons to discount a lay statement must be germane.  *See Dodrill v. Shalala*,

13  12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay

14  witnesses, he must give reasons that are germane to each witness.").  Here, the ALJ failed to

15  provide any reasons, let alone germane reasons, to discount Ms. Lovell's report.  This error is

16  harmless, however, because Ms. Lovell's report describes limitations similar to those Plaintiff

17  himself alleged, and the ALJ provided legally sufficient reasons to discount Plaintiff's testimony,

18  as discussed *supra*.  Thus, the ALJ's reasoning with respect to Plaintiff's testimony applies with

19  equal force to Ms. Lovell's testimony.  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d

20  685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting

21  [the claimant's] own subjective complaints, and because [the lay witness's] testimony was

22  similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the

23  lay witness's] testimony")).

1    **C.     Medical Opinions**

2          Plaintiff challenges the ALJ's assessment of two medical opinions, each of which the

3    Court will address in turn.

4          **1.     Donald Brunk, M.D.**

5          Dr. Brunk, Plaintiff's treating physician, wrote a letter in July 2016 opining Plaintiff has

6    permanent nerve conduction compromise in his upper arms, and has chronic pain.  Tr. 706.  Dr.

7    Brunk stated Plaintiff cannot lift more than "10 pounds or so."  *Id*.  Dr. Brunk described Plaintiff

8    as disabled for the past year, and explained he does not know when or if Plaintiff would be able

9    to return to work.  *Id*.

10         The ALJ gave little weight to Dr. Brunk's opinion as conclusory, inconsistent with the

11   record, and addressing issues reserved to the Commissioner.  Tr. 24.  The ALJ pointed to

12   evidence showing Plaintiff retained almost full strength in his arms as inconsistent with Dr.

13   Brunk's opinion that Plaintiff was limited to lifting 10 pounds.  *Id*.

14         Plaintiff does not dispute Dr. Brunk opined on an issue reserved to the Commissioner,

15   namely Plaintiff is disabled.  Dkt. 11 at 14.  Plaintiff also does not dispute he retained strength in

16   his arms, but argues Dr. Brunk's lifting restriction is the result of his chronic pain and lack of

17   sensation in his hands.  Dkt. 11 at 15.  However, Dr. Brunk did not cite these factors as the cause

18   of the lifting restriction.  Plaintiff points to evidence he contends indicates he has lifting

19   restrictions (Tr. 705, 707), but this evidence does not indicate Plaintiff is limited to lifting 10

20   pounds.  Instead, the other providers found either Plaintiff could lift 20 pounds occasionally or

21   did not specify any particular lifting limitation.  *See* Tr. 705, 707.  Thus, Plaintiff has not shown

22   that the ALJ erred in finding Dr. Brunk's opinion was conclusory and/or inconsistent with the

23   record.  These are valid reasons to discount Dr. Brunk's opinion.  *See Thomas v. Barnhart*, 278

F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

### 2. Kris Hallenburg, Ph.D.

Dr. Hallenburg performed a consultative psychological examination in May 2016. Tr. 694-98. Dr. Hallenburg's medical source statement included findings that Plaintiff's psychological symptoms would not cause any interruptions during a workweek, but that he "may have some difficulty maintaining regular attendance in the workplace due to his motivation during depressive episodes or his pain level." Tr. 698.

The ALJ contrasted these findings and indicated he discounted Dr. Hallenburg's absenteeism opinion because "there is no evidence to show the claimant would have difficulty maintaining regular attendance." Tr. 20. The ALJ also cited Plaintiff's ability to engage in daily activities and transport his son to school on a regular basis as evidence showing that he can maintain a schedule. *Id*.

Plaintiff argues that the activities cited by the ALJ do not prove he can maintain regular work attendance because his activities are not similar to work. Dkt. 13 at 8. The Court agrees these activities are not particularly inconsistent with Dr. Hallenburg's opinion, but Plaintiff has not shown the ALJ erred in finding that Dr. Hallenburg's absenteeism opinion was unsupported by any evidence. Dr. Hallenburg did not cite any clinical findings supporting this opinion, and lack of support for a medical opinion is a valid reason to discount it. *See Thomas*, 278 F.3d at 957.

Furthermore, Dr. Hallenburg's absenteeism opinion was described equivocally, referencing an unspecified amount of difficulty that "may" occur. Tr. 698. An RFC represents

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 7

the most a claimant can do, and thus equivocal opinions need not be accounted for.  *See Khal v. Colvin*, 2015 WL 5092586, at *7 (D. Or. Aug. 27, 2015), *aff'd sub nom*, *Khal v. Berryhill*, 690 Fed. Appx. 499 (9th Cir. Apr. 28, 2017) ("An ALJ is not required to incorporate limitations phrased equivocally into the RFC." (citing *Valentine*, 574 F.3d at 691-92)).  Accordingly, even if the ALJ had erred in discounting Dr. Hallenburg's opinion as unsupported, any error would be harmless given the equivocal nature of the opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 16th day of September, 2020.

_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge